IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| KENNETH ROSHAUN REID | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:14cv414 |
| C. DANIELS | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING
### THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Kenneth Roshaun Reid, formerly an inmate at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought the above-styled lawsuit against C. Daniels, the warden at the Beaumont facility.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiff's objections are without merit. For the reasons set forth in the Report, plaintiff's claims against defendant C. Daniels are frivolous and fail to state a claim upon which relief may be granted.

In his objections, plaintiff asserts for the first time that the defendant failed to train the officer plaintiff alleges assaulted him on September 6, 2013. However, plaintiff made no mention of his failure-to-train claim against defendant Daniels in his complaint or any of the previous amendments. As plaintiff's objections were not filed until March 28, 2016 and the claim must have occurred before the date of the alleged 2013 assault, the claim is barred by the applicable two-year statute of limitations. Plaintiff's failure-to-train claim against the warden is separate and distinct from the alleged use of excessive force claim against the individual officer. Accordingly, the claim does not relate back to plaintiff's original claim and is barred by limitations. Therefore, plaintiff may not amend his previous claim to add any potential claim asserted in his objections.

Further, plaintiff makes no specific allegation as to any training officer Ryan allegedly received or did not receive. Therefore, plaintiff's failure-to-train claim is conclusory; thus, the claim is frivolous and fails to state a claim upon which relief may be granted.[1]

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **10** day of **August, 2017.**

_____
Ron Clark, United States District Judge

---

[1] Moreover, it is noted that on page two of his objections, plaintiff indicates he settled his claims concerning the facts which form the basis of this complaint during 2015 with a monetary Tort Claim settlement which he now contends is illegal because he claims it was signed under duress. However, absent the settlement agreement being nullified, the continued prosecution of this action is merely plaintiff's attempt to disregard or circumvent the previous settlement agreement.